# FILED

## UNDER

# SEAL

Case 2:16-cr-00165-KJD-CWH   Document 131   Filed 03/21/22   Page 1 of 14

Prob12C
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER RELEASED ON BOND

Name of Offender: **Darnele Nelson**

Case Number:  **2:16CR00165**

Name of Sentencing Judicial Officer: **Honorable Richard J. Arcara**

Date of Original Sentence: **April 3, 2014**

Original Offense: **Possession of 15 or More Unauthorized Access Devices**

Original Sentence: **36 Months prison, followed by 36 Months TSR.**

Date of Prior Revocation: **May 8, 2018**

Revocation Sentence: **12 Months custody, followed by 24 Months TSR**

Date Supervision Commenced: **March 29, 2019**

Date Jurisdiction Transferred to District of Nevada: **May 27, 2016**

Name of Assigned Judicial Officer: **Honorable Kent J. Dawson**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision: Bond

1. **Do Not Commit Another Crime** - You must not commit another federal, state or local crime.

    Nelson entered a plea of guilty to the below offense, as well as the already reported and pending violation of Felon in Possession of a Firearm, on March 16, 2022, in Case No:

RE: Darnele Nelson

2:20CR195 in the District of Nevada, before the Honorable District Judge Andrew P. Gordon:

- Count Two: Wire Fraud While on Pretrial Release, in violation of 18 U.S.C. §§ 1343 and 3147.

2. **Do Not Unlawfully Use Controlled Substance** - You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

   A. Nelson violated by failing to report to drug testing as required on:

      - October 28, 2020
      - April 5, 2021
      - July 4, 2021
      - August 1, 2021

3. **Must Report As Instructed** - After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

   Nelson failed to report as instructed by failing to complete a monthly supervision report form by the 10th day of each month as instructed for the following months:

   - March 2020 (completed September 16, 2020)
   - April 2020 (completed September 16, 2020)
   - May 2020 (completed September 16, 2020)
   - June 2020 (completed September 16, 2020)
   - July 2020 (completed September 16, 2020)
   - September 2020
   - October 2020
   - November 2020
   - December 2020
   - January 2021 (completed May 27, 2021)
   - February 2021 (completed May 27, 2021)
   - March 2021 (completed May 27, 2021)
   - May 2021 (completed August 5, 2021)
   - June 2021 (completed August 5, 2020)
   - July 2021 (completed November 18, 2021)

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

- August 2021 (completed November 18, 2021)
- September 2021 (completed November 18, 2021)
- October 2021 through December 2021
- January 2022 through March 2022

4. **Substance Abuse Treatment** - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

   Nelson violated the rules of Substance Abuse Treatment when he submitted positive BAC tests for alcohol on the following dates:

   - July 6, 2020
   - October 19, 2021
   - October 20, 2021
   - March 12, 2022

5. **No Alcohol** – You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.

   A. Nelson submitted a breathalyzer at Westcare on July 6, 2020 with results of .026% BAC at 12:47 PM and .020% BAC at 1:00 PM. Nelson later admitted to the use of alcohol over July 4 and 5, 2020 while with family.

   B. On October 19, 2021 during an unannounced home visit at 7:40 PM, Nelson submitted a breathalyzer after first putting what appeared to be toothpaste in his mouth when told a breathalyzer would be taken. First breathalyzer given after waiting for ten minutes was .178% BAC. After an additional ten minutes, the second test was .194% BAC. Nelson first denied use of alcohol then admitted using after the second test when he stated "Guess, was it hard liquor or beer?" Nelson then stated it did not matter how much treatment he was put into because "You are going to do what you have to do and I'm going to do what I have to do." Nelson then promised not to consume any more alcohol the remainder of the evening and was instructed to report to probation the following morning.

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

    C. On October 20, 2021, Nelson submitted a breathalyzer in the probation office at 8:54 AM of .051% BAC and .047% BAC at 9:05 AM. Nelson signed an admission to alcohol consumption by use of "beer" on October 19, 2021. Due to the level of the alcohol, it is believed that Nelson consumed additional alcohol after the contact with him at his residence on October 19, 2021.

    D. On March 12, 2022, Nelson submitted a breathalyzer at his residence during an unannounced home visit at 12:04 PM. Results of the breathalyzer was .030% BAC. Nelson admitted verbally that he had consumed one beer earlier in the day while watching college basketball.

6. **Financial Penalty** – If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

    Nelson failed to pay restitution as required during the following months:

    - April 2019 through November 2019 (no payments)
    - March 2020 through December 2020 (no payments)

7. **Debt Obligations** – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

    Nelson incurred new credit without the approval of the probation office when he applied for and received a Paycheck Protection Program loan from on or about July 1, 2020 to on or about September 10, 2020, as noted in Allegation 1 of this petition.

8. **Home Confinement with Location Monitoring** – You will be monitored by the form of location monitoring technology indicated below and you must follow the rules and regulations of the location monitoring program.

    ☒ GPS Monitoring (including hybrid GPS).

    This form of location monitoring technology will be used to monitor the following restriction on your movement in the community:

    ☒ You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer **(Home Detention)**.

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

    A. 03/09/2020: Failed to acknowledge audio alert message submitted at 9:29 PM.

    B. 03/10/2020: Failed to acknowledge audio alert message submitted at 7:33 PM.

    C. 03/14/2020: Beacon Unauthorized Leave at 9:22 PM and Beacon Unauthorized Enter at 9:29 PM.

    D. 03/17/2020: Failed to acknowledge audio alert message submitted at 9:23 PM.

    E. 03/21/2020: Failed to acknowledge audio alert message submitted at 1:29 AM.

    F. 05/06/2020: Beacon Unauthorized Leave at 1:18 AM and Beacon Unauthorized Enter at 1:41 AM.

    G. 05/10/2020: Beacon Power Loss at 5:32 PM and Beacon Power Restore at 5:33 PM.

    H. 05/10/2020: Beacon Power Loss at 5:43 PM and Beacon Power Restore at 5:43 PM.

    I. 05/28/2020: Battery not placed back on charger as instructed at home visit at 8:11 PM.

    J. 06/04/2020: Battery not placed back on charger as instructed at video home visit at 5:55 PM. Battery in bedroom. Nelson instructed to keep battery on charger or bracelet and stated "whatever" as he terminated the Facetime call while PO was speaking.

    K. 06/08/2020: Battery not placed back on charger as instructed at video home visit at 10:39 AM. Battery in unknown location. Nelson instructed to keep battery on charger or bracelet and argued.

    L. 06/13/2020: Battery not placed back on charger as instructed at 5:39 PM and left residence with battery when instructed not to.

    M. 06/20/2020: Failed to charge battery during the day as instructed.

    N. 06/21/2020: Failed to charge battery during the day as instructed.

    O. 06/30/2020: Failed to acknowledge audio alert message submitted at 1:44 AM.

    P. 07/03/2020: Failed to acknowledge audio alert message submitted at 12:12 AM.

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

Q. 07/13/2020: Failed to acknowledge audio alert message submitted at 10:37 PM.

R. 07/27/2020: Failed to acknowledge audio alert message submitted at 9:10 PM.

S. 07/29/2020: Failed to acknowledge audio alert message submitted at 10:49 PM.

T. 07/31/2020: Failed to acknowledge audio alert message submitted at 9:03 PM.

U. 08/08/2020: Unauthorized stop at 7 Eleven near 323 N. Maryland Parkway. Offender admitted he stopped at location for "smokes" without permission.

V. 08/24/2020: Failed to acknowledge audio alert message submitted at 12:45 AM.

W. 08/27/2020: Failed to acknowledge audio alert message submitted at 9:05 PM.

X. 09/08/2020: Failed to acknowledge audio alert message submitted at 10:33 PM.

Y. 09/25/2020: Beacon Unauthorized Leave at 1:51 AM and Beacon Unauthorized Enter at 1:58 AM.

Z. 09/26/2020: Beacon Unauthorized Leave at 2:04 AM and Beacon Unauthorized Enter at 2:12 AM.

AA. 09/27/2020: Beacon Unauthorized Leave at 7:05 AM.

BB. 10/02/2020: Failed to acknowledge audio alert message submitted at 9:05 PM.

CC. 10/02/2020: Failed to acknowledge audio alert message submitted at 12:07 AM.

DD. 10/15/2020: Failed to acknowledge audio alert message submitted at 10:44 PM.

EE. 01/27/2021: Failed to acknowledge audio alert message submitted at 02:49 AM.

FF. 01/28/2021: Beacon found to have been moved on top of the microwave in the kitchen during Facetime home visit without prior approval of probation.

GG. 03/03/2021: Failed to acknowledge audio alert message submitted at 12:12 AM.

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

HH.   03/13/2021: Failed to acknowledge audio alert message submitted at 6:04 PM.

II.   06/08/2021: Battery not placed back on charger as instructed and not inside residence at home visit. Nelson admitted he left inside Twanisha Richardson's vehicle earlier in the day and vehicle was not at residence.

JJ.   07/18/2021: Unauthorized leave at 5:41 PM to drug testing when approved time to drug test was between 7:00 AM and 11:00 AM.

KK.   08/23/2021: Unauthorized leave at 11:33 AM to drug testing when approved time to drug test was between 7:00 AM and 11:00 AM.

LL.   09/04/2021: Unauthorized leave at 4:37 PM to drug testing when approved time to drug test was between 7:00 AM and 11:00 AM.

MM.   10/11/2021: Unauthorized leave at 1:12 PM with numerous unauthorized stops. Nelson failed to go to work this date and instead traveled to numerous stops without first obtaining permission to do so from probation.

NN.   11/02/2021: Unauthorized stop at Lion's Den for approximately five minutes located at 2923 Sammy Davis Junior Drive Las Vegas, Nevada without prior approval.

OO.   12/25/2021: Failure to enter residence at required time of 8:30 PM. Entered at 8:38 PM with reason of not leaving prior location on time to arrive home.

PP.   12/25/2021: Unauthorized leave at 8:52 PM with unauthorized stop at South Maryland Parkway and Reno Street at a Convenience Store with return back home at 8:57 PM.

QQ.    01/01/2022: Unauthorized stop at 7 Eleven at 5110 South Maryland Parkway at 9:33 AM without approval when approved to go to drug testing only.

RR.   01/08/2022: Unauthorized leave at 10:45 AM when Nelson traveled to Tomo Drug Testing without being on the testing log and without approval to leave his residence. Test log showed Nelson called the night before to learn he was not required to test at 7:21 PM.

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

SS.  01/14/2021: Unauthorized leave with a stop for Covid test without prior approval as he did not work due to Covid positive. Unauthorized additional stops at 7 Eleven located at 9300 South Eastern Avenue at 12:33 PM. Nelson stated he stopped for fuel but was not located at gas pumps, was parked in parking area during stop. Additional unauthorized stop at Dollar General located at 5078 South Maryland Parkway at 12:51 PM with return to residence at 12:55 PM. Nelson refused to provide receipts.

TT.  02/05/2022: Beacon moving alert due to Nelson admittingly removing the beacon to the floor from the designated location where he was instructed not to move it at 6:06 PM.

UU.  03/12/2022: Battery not placed back on charger as instructed and was in another room of the residence.

**U.S. Probation Officer Recommendation**:

The term of bond supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **March 21, 2022**

*Bryce D. Stark* (Digitally signed by Bryce Stark, Date: 2022.03.21 14:21:35 -07'00')

Bryce D. Stark
Senior United States Probation Officer

Approved:

*Benjamin Johnson* (Digitally signed by Ben Johnson, Date: 2022.03.21 13:22:18 -07'00')

Benjamin B. Johnson
Supervisory United States Probation Officer

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

## *THE COURT ORDERS*

☐   No Action.

☒   The issuance of a warrant.

☐   The issuance of a summons.

☐   Other:

_____
Signature of Judicial Officer

_____3/21/2022_____
Date

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. DARNELE NELSON, 2:16CR00165

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### March 21, 2022

This is the third Petition for Warrant request submitted in this case for bond violations regarding Nelson.

Nelson has had numerous instances of refusal to comply with conditions of his supervision and therefore bond. Many times, Nelson has become irate, used profanities towards the undersigned officer, and refused attempts to help him get back on course with compliance. As previously reported, on August 13, 2019, Nelson requested permission at the last minute to work overtime. When he was questioned about the work and location, he made statements that he would just leave and go home. When he was called and attempts were made to communicate the rules of electronic monitoring, he refused to listen and allow the undersigned officer to speak. Ultimately, the call was ended with Nelson twice as it was believed he possibly could not hear the undersigned officer giving him instructions due to his speaking loudly over the instructions. On the third attempt to call and speak to Nelson about the issues Nelson stated "fuck you" then he terminated the call. Nelson was advised that probations records would be noted regarding his refusal to allow the probation office to communicate the rules of electronic monitoring and ending the call when attempting to do so.

Nelson refused to pay restitution while on supervised release and on bond. As noted in this petition, Nelson failed to pay restitution for months while on supervised release. On December 5, 2019, Nelson requested permission to spend recreation time outside his approved schedule. When he asked permission to do so he was told he must pay restitution and be complying. Nelson responded "LOL" in a written text. On December 24, 2019 Nelson requested permission for recreation again. The undersigned officer attempted to have him agree to come into compliance with his restitution ordered. Nelson first stated he could not commit to paying $20 weekly but would agree to pay $10 per week. Nelson finally committed to pay $20 weekly and was informed he would be allowed three hours of recreation time for the holiday. Rather than accepting the time, he argued that he was entitled to four hours of recreation. Nelson was advised that he was in noncompliance and was entitled to zero hours of recreation but was being allowed due to his commitment to pay the restitution as the Court ordered. On January 21, 2020, Nelson signed a payment agreement to pay $20 per week with the probation office. On February 21, 2020 Nelson was instructed to complete paperwork for a financial investigation regarding his ability to pay restitution. His paperwork he submitted was incomplete and had no information related to monthly expenditures. Nelson stopped paying the restitution as he agreed with his last payment he personally submitted on February 21, 2020, just two months after he was allowed to gain access back to recreation for the holiday.

As noted in the Petition for Warrant for Offender Released on Bond on February 23, 2020 Nelson had extreme violations regarding his location monitoring and use of alcohol. This was previously reported to the Court and Nelson was allowed release on bond a second time. His conditions regarding location monitoring were changed at the hearing to include GPS with Home

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

Detention. Nelson was advised on March 3, 2020 when equipment was installed that any stops without approval to convenience stores or other places would be considered a violation unless authorized by the probation office.

Nelson continued to have issues with following the rules of location monitoring as noted in this petition. Violations included failure to acknowledge alerts, leaving the inside of his residence without permission within the same apartment complex, failure to charge the equipment as instructed, failure to have the battery on either the charger or his bracelet, removing the battery from his residence, returning home late, and blatantly leaving the residence without approval on several occasions.

Nelson requested permission for recreation time again on July 22, 2020 after he had consumed alcohol on July 6, 2020 and a review of his records indicated he was not paying his restitution as required and had agreed to. He was informed that due to his violations and refusal to pay restitution that the time out would not be approved until he showed a period of compliance. Nelson advised there was nothing stating he had to pay restitution to be able to obtain a recreation pass after he was again told he was not in compliance with his conditions. Nelson then stated "fuck you, I ain't paying" to the undersigned officer and he terminated the Facetime call. Ultimately, the Financial Litigation Unit with the United States Attorney's Office became involved, and a garnishment was eventually entered to obtain the restitution owed. Because of the garnishment in January 2021, an additional $1,986.75 was collected for the victims of the restitution in this case. The outstanding balance currently stands at $4,184.80.

Nelson continued to have other issues as noted in this petition related to failure to report to drug testing as required, continued alcohol use, and failure to report through monthly report forms as instructed. Attempt after attempt was made to assist Nelson in his compliance, with frequent reminders and weekly substance abuse counseling at Choices Group. Unfortunately, treatment attempts were short lived, Nelson continued to violate the conditions of his bond, and he continued to have a negative attitude towards supervision and what was required of him.

Nelson learned that his girlfriend was pregnant in 2021. While this was at first a positive event for Nelson, in October 2021 he began to have difficulty with the situation. Nelson learned in October 2021 that the child may not be his, although he has continued the relationship and states he accepts the news and plans to raise the child as his own if it does not belong to him. This has been a trigger for relapse with him that has been addressed weekly in counseling and through conversations with the undersigned officer. In addition to this stress, Nelson has addressed other stress related to family situations through his substance abuse counseling.

Nelson has maintained employment as a plumber's helper for many months during his supervision term along with bond supervision. On August 30, 2021 Nelson started a plumber's apprenticeship program. Nelson has reported that he has done well with grades in this trade program. Although Nelson has stated several times that his sole purpose for attending the program has been to show the Court that he is continuing his education for purposes for future hearings, he has been commended by the probation office for continuing the program.

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

Because of additional alcohol use violation conduct after his prior issues related to failure to pay restitution and alcohol use, Nelson was again placed on a 30-day recreation pass restriction on November 2, 2021. Nelson responded to this violation by stating "I will go to jail at any time, but they will not hold me." After this recreation pass expired Nelson again violated his location monitoring condition by returning home late on December 25, 2021 from his pass, then left his residence shortly after and went to a nearby store without permission. Nelson was then placed on a 60-day recreation pass restriction. When Nelson was informed of the 60-day recreation pass restriction the following text exchange occurred:

NELSON: Bro u doing some extra stuff right now... I have a pregnant woman that needs help, you mine (SIC) as well go ahead and violate me... I ain't going for this...

We have paid for a Venue already, family has paid for flights already, I'm not missing the baby shower...

Sr PO STARK: Be careful with your words Darnele. I know you may be angry but we have also talked many times about continued violations and what would take place regarding recreation time out. That time is earned, not auto granted. It is removed for periods of time for violations. Take a breath and use your counseling tools to calmly figure this out. This is not a personal vendetta, it is the way things are done.

NELSON: I tried, do you, I ain't trying no mo... Do whatever you feel u need to do officer... Counseling, lol... Yea for y'all... This a damn game to you... Y'all like playing with my life just to see what I do, I been trying with you... So you don't think lady need any help around the house????

Sr PO STARK: I for sure did not put you in this situation with a new case and revo but I have tried to help you with what I can. Try to calm down. We can talk about it later once you have calmed down.

NELSON: That's not happening, whatever she need help with, as long as I'm on these streets I'm doing it, no mo threats from you mr starks, handle your business... God bless Nothing to talk about...

Sr PO STARK: Well we will have to at some point. Try to calm down Darnele.

NELSON: Hate to see me doing good, find something no matter how small no matter the reason, just wanna get in my way... We'll talk next time I violate... I don't care both no rec pass, been stop caring, barely even ask you to do anything anymore but when it comes to my family that I don't even get to see nor spend time with... My mom sick, we just buried my uncle yesterday and now you wanna be on this BS... All I do is work and school and watch sports... I don't bother you, but you find a way to bother me... You a trip..

On January 14, 2022 Nelson was instructed to provide receipts for several stops during unauthorized travel and for future stops to convenience stores due to previous alcohol use. Nelson refused to cooperate with submission of receipts. Nelson "dared" the probation office to take him back to Court for his violations and because he refused to provide receipts. He stated he was not going to cooperate and stated "I will do what I want." He stated when he wants alcohol, he will have his family and friends provide it for him as he has in the past since he has been on bond. When the undersigned probation officer attempted to have Nelson calm down, he mocked the probation officer and again stated he would do what he wants. Nelson was again informed to provide receipts as instructed and he terminated the call while the undersigned probation officer was speaking. Nelson continued to refuse to provide receipts for stops until January 17, 2022.

RE: Darnele Nelson

Prob12C
D/NV Form
Rev. June 2014

On March 16, 2022, Nelson appeared before the Honorable United States District Judge Andrew P. Gordon in Case No. 2:20CR195, where he pleaded guilty to Count 1: Felon in Possession of a Firearm, which is part of the original petition to revoke supervised release; and Count 2: Wire Fraud While on Pretrial Release in a Superseding Criminal Information. Sentencing is pending in this matter. In this second count of Wire Fraud While on Pretrial Release, Nelson admitted in open court that he unlawfully obtained Paycheck Protection Program (PPP) loans from on or about July 1, 2020, through September 10, 2020. These loans were obtained after Nelson was released on bond in the pending revocation on this case, as well as his release on bond in 2:20CR195 on or about July 23, 2020. Originally, on July 10, 2020 a Criminal Complaint was filed for Felon in Possession of a Firearm, an allegation pending revocation in this Court. Nelson was later Indicted on that charge on or about August 5, 2020 with the charge being a felony. Nelson agreed at his change of plea hearing that he committed both charged offenses and he was detained, in part because Count 2 was committed while he was under pretrial bond in the pending firearm case.

Although Nelson completed his term of supervised release on March 28, 2021, he has continued on bond supervision in the matter of revocation in this case. Nelson committed new criminal conduct while on bond through the commission of Wire Fraud while on Pretrial Release as noted by his plea of guilty on March 16, 2022 to the charge and the pending felon in possession of a firearm. As noted in this bond petition, Nelson has had numerous violations of his bond supervision while on bond in this revocation matter. It is believed that Nelson is a danger to the community and a flight risk if he were to continue being supervised prior to a final revocation hearing in this case. Because of this, it is respectfully requested that a warrant be issued for Nelson and he be detained pending a final revocation hearing before the Honorable United States District Judge Kent J. Dawson.

Respectfully submitted,

Bryce D. Stark
Digitally signed by Bryce Stark
Date: 2022.03.21 14:34:01 -07'00'

Bryce D. Stark
Senior United States Probation Officer

Approved:

Benjamin Johnson
Digitally signed by Ben Johnson
Date: 2022.03.21 13:23:00 -07'00'

Benjamin B. Johnson
Supervisory United States Probation Officer